XIYI FU, *Admitted Pro Hac Vice*
**LOCKE LORD LLP**
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Facsimile: (415) 676-5816
Email: jackie.fu@lockelord.com

DOMINICA C. ANDERSON (SBN: 2988)
HOLLY S. STOBERSKI (SBN: 5490)
100 North City Parkway, Suite 1560
Las Vegas, NV 89106-4617
Telephone: (702) 868-2621
Fax: (702) 993-5511
Email: dcanderson@duanemorris.com
         hstoberski@duanemorris.com

GERRARD COX LARSEN
Douglas D. Gerrard (SBN 4613)
2450 St. Rose Parkway, Ste. #200
Henderson, NV 89074
Telephone: (702) 796-4000
Fax: (702) 796-4848
Email: dgerrard@gerrard-cox.com

*Attorneys for Defendant*
*U.S. Bank National Association*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>PHILIP ANDREW ROY<br><br>Debtor. | Case No.: BK-19-10678-abl<br>Chapter 11<br><br>Adversary Case No.: 19-01050-abl |
| PHILIP ANDREW ROY, an individual,<br><br>Plaintiff,<br>vs.<br><br>U.S. BANK NATIONAL ASSOCIATION;<br>NATIONAL DEFAULT SERVICING | **U.S. BANK NATIONAL ASSOCIATION'S MOTION TO DISMISS THE ADVERSARY COMPLAINT OR IN THE ALTERNATIVE STAY THE ADVERSARY PROCEEDING; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date: August 13, 2019<br>Hearing Time: 10:00 a.m. |

| | |
|---|---|
| 1<br>2<br>3<br>4 | CORPORATION; FIVE STAR PARTNERSHIP, LLC d/b/a FIVE STAR MORTGAGE; LAWYERS TITLE OF NEVADA, INC., DOES I through X, inclusive, and ROE COMPANIES I through X, inclusive,<br><br>Defendants. |

Defendant U.S. Bank National Association ("U.S. Bank") moves to dismiss Plaintiff Philip Andrew Roy's Adversary Complaint and each of his five causes of action pursuant to Federal Rules of Civil Procedure 12(b)(6) and Federal Rules of Bankruptcy Procedure 7012 on the ground that Plaintiff's claims fail to state a claim upon which relief can be granted. In the alternative, U.S. Bank requests that the Court stay the adversary proceeding pursuant to the *Younger* and *Colorado River* doctrines.

## I.  INTRODUCTION

This is Plaintiff Philip Andrew Roy's ("Plaintiff") <u>second</u> attempt to avoid U.S. Bank's senior lien on Plaintiff's property and delay the foreclosure sale, despite the fact that he has been in default on his mortgage loan since 2014. Prior to filing his Chapter 11 bankruptcy and this Adversary Complaint, Plaintiff filed an action against U.S. Bank in the Eighth Judicial District Court of Nevada, alleging substantially similar claims. After receiving an unfavorable ruling on his motion for preliminary injunction in the State court, Plaintiff filed for bankruptcy and this adversary complaint to have another bite of the apple. For reasons discussed below, U.S. Bank's Motion should be granted.

## II.  RELEVANT FACTS

### A.  The Loan and Plaintiff's default and Chapter 7 bankruptcy.

On or about April 19, 2005, Plaintiff and Lorri Roy obtained a $435,000 loan (the "Loan") from Five Star Mortgage. ECF No. 28, ¶ 17(a). The Loan was secured by a Deed of Trust recorded against real property located at 2499 Serenity Hollow Drive, Henderson, Nevada 89052 (the "Property"). Declaration of Holly Stoberski ("Stoberski Decl."), Exh. 1. The Deed of Trust was re-recorded in 2006, 2009, and 2016 to correct certain scrivener's errors in the original Deed of Trust.

Stoberski Decl., Exhs. 2-4. On April 25, 2005, an Assignment of Deed of Trust was recorded, memorializing the transfer of beneficial interest to U.S. Bank. Stoberski Decl., Exh. 5. The Assignment of Deed of Trust was re-recorded on January 27, 2006. Stoberski Decl., Exh. 6.

Plaintiff defaulted on the Loan, and on March 2, 2010, a Notice of Default was recorded. Stoberski Decl., Exh. 7. In June 2011, U.S. Bank offered, and Plaintiff accepted, a Home Affordable Modification (the "HAMP Modification"). Stoberski Decl., Exh. 8. By accepting the HAMP Modification, Plaintiff reaffirmed the Loan. ("I agree to…(D) [t]hat the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed."). *Id.* at p. 4 of 9

Plaintiff filed for Chapter 7 bankruptcy on December 18, 2013. Stoberski Decl., Exhs. 9-10. In Schedule D of Plaintiff's bankruptcy petition, Plaintiff listed the Loan as a secured claim and "US Bank Home Mortgage"[1] as a secured creditor and did *not* designate the Loan as disputed. Stoberski Decl., Exh. 10, Schedule D, p. 20 of 52. Nor did Plaintiff disclose any claims against U.S. Bank on his bankruptcy schedules. *Id.*, Schedule B, p. 16 of 52 ("21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. [Response:] NONE."). Plaintiff received a discharge on March 26, 2014. Stoberski Decl., Exh. 9.

Plaintiff defaulted on the Loan and HAMP Modification in 2014, and a Notice of Default was recorded on April 20, 2016. Stoberski Decl., Exh. 11; ECF No. 28, ¶¶ 60, 64. This Notice of Default was subsequently rescinded. Stoberski Decl., Exh. 12. Two more Notices of Default were recorded and rescinded. Stoberski Decl., Exhs. 13-16. On February 20, 2018, a fourth Notice of Default was recorded. Stoberski Decl., Exh. 17. On December 11, 2018, a Notice of Trustee's Sale was recorded, setting a trustee's sale on January 4, 2019. Stoberski Decl., Exh. 18.

B.   **Plaintiff's state court action.**

On December 19, 2018, Plaintiff and Lorri Roy filed a civil action against U.S. Bank in the Eighth Judicial District Court of Nevada, styled *Philip Roy, et al. v. US Bank National Association,*

---

[1] U.S. Bank Home Mortgage is a division of U.S. Bank National Association.

3
U.S. BANK NATIONAL ASSOCIATION'S
MOTION TO DISMISS THE ADVERSARY COMPLAINT

DM1\9674623.1 K0247/00435

*et al.*, Case No. A-18-786340 (the "State Court Action"). The allegations in the State Court Action are substantially similar to those in the Adversary Complaint. *Compare* ECF No. 28 *with* Stoberski Decl., Exhs. 19-20. The Roys allege in the State Court Action that U.S. Bank breached the HAMP Modification, presented false documents at the foreclosure mediation, and did not participate in the foreclosure mediation in good faith. Stoberski Decl., Exhs. 19-20 The Roys also sought to enjoin the foreclosure sale. *Id.*

On December 21, 2018, the Roys filed an *ex parte* application for a temporary restraining order to enjoin the trustee's sale in the State Court Action. Stoberski Decl., Exh. 21. The trustee's sale was postponed as a result. On February 4, 2019, the state court held a preliminary injunction hearing and denied the Roys' motion for preliminary injunction. Stoberski Decl., Exh. 22. The next day, Plaintiff filed for Chapter 11 bankruptcy. On March 15, 2019, the Roys filed a motion for leave of court to file a motion for reconsideration in the State Court Action. Stoberski Decl., Exh. 23. The motion is set for hearing on June 12, 2019.

As a result of Plaintiff's Chapter 11 bankruptcy, the trustee's sale has not occurred, and Plaintiff does not allege otherwise.

## III.   PLAINTIFF'S CLAIMS SHOULD BE DISMISSED

### A.   Standard on this Motion

Rule 12(b)(6) of the Federal Rules of Civil Procedure applies to motions to dismiss complaints in adversary proceedings. Fed. R. Bankr. P. 7008(a), 7009, and 7012(b) (incorporating these rules). "A Rule 12(b)(6) dismissal may be based on either 'the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Oestreicher v. Alienware Corp.*, 322 Fed. Appx. 489, 493 (9th Cir. 2009). A plaintiff must allege *facts*, not just "a formulaic recitation of the elements of a cause of action," and those facts must be sufficient to support a plausible claim for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.").

In evaluating a complaint, a court is not required to accept as true a legal conclusion couched as a factual allegation. *Iqbal*, 129 S.Ct. at 1949. Further, the court need not "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *see also Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67, 70 (9th Cir. 1957) ("[J]udicial notice may be taken of a fact to show that a complaint does not state a cause of action.").

### B.  Plaintiff's first, second, and fourth causes of action fail.

#### 1.  Plaintiff lacks standing to bring these causes of action against U.S. Bank.

Plaintiff filed for Chapter 7 bankruptcy on December 18, 2013. Stoberski Decl., Exh. 9. Events allegedly giving rise to his first, second, and fourth causes of action existed either before or during the pendency of the Chapter 7 proceeding. Specifically, in the first cause of action, Plaintiff seeks to avoid the Deed of Trust based on the alleged scrivener's errors in the Deed of Trust. ECF No. 28, ¶¶ 69-70. The Deed of Trust was recorded on April 25, 2005 (Stoberski Decl., Exh. 1); thus, any alleged defect would have been in existence in 2005, well before Plaintiff filed for Chapter 7 bankruptcy. In the second cause of action, Plaintiff alleges that U.S. Bank breached the HAMP Modification, and that he discovered the breach in 2012. ECF No. 28, ¶ 75. Likewise, in the fourth cause of action, Plaintiff alleges that U.S. Bank breached the covenant of good faith and fair dealing by breaching the HAMP Modification and seeking additional payments. ECF No. 28, ¶ 93. However, Plaintiff did not schedule any of these claims in his Chapter 7 bankruptcy. Stoberski Decl., Exh. 10, p. 16 of 52.

When a debtor files for bankruptcy protection, an estate is created, which is comprised of all the debtor's property interests at the time of filing. *Cusano v. Klein*, 264 F.3d 936, 945 (9th Cir. 2001); *In re Kottmeier*, 240 B.R. 440, 442 (Bankr. M.D. Fla. 2002). A bankruptcy estate "includes post-petition property interests." *Kottmeier*, 240 B.R. at 442. Post-petition interests include civil claims which accrued while the bankruptcy is pending. *Id.*; *Cusano*, 264 F.3d at 945 (assets of a bankruptcy estate include the debtor's causes of action).

DM1\9674623.1 K0247/00435

Once an individual declares bankruptcy, any legal or equitable interest he had in a particular property belongs to the bankruptcy estate, as represented by the bankruptcy trustee. *Thompson v. Am. Family Mut. Ins. Co.*, No. 2:09-CV-905 JCM RJJ, 2011 WL 3585478, at *2 (D. Nev. Aug. 12, 2011), citing *Turner v. Cook*, 362 F.3d 1219, 1225-26 (9th Cir. 2004). Absent abandonment of an asset, the trustee remains the sole representative of the estate and the only person with the authority to pursue causes of action. *Harris v. St. Louis University*, 114 B.R. 647, 648 (M.D. Mo. 1990); *Thompson*, 2011 WL 35854786, at *2.

The Bankruptcy Code provides three means for a Chapter 7 trustee to abandon property. First, the trustee may formally abandon the property after noticed motion. 11 U.S.C. § 554(a). That did not occur here. *See generally* Stoberski Decl., Exh. 9. Second, the trustee may, under some circumstances, be ordered by the Bankruptcy Court to abandon the property. 11 U.S.C. § 554(b). That did not occur here either. *See generally* Stoberski Decl., Exh. 9. Third, the trustee may abandon the property by operation of law, provided that it has been "scheduled" and "not otherwise administered at the time of the closing of the case." 11 U.S.C. § 554(c). That did not happen here. *See generally* Stoberski Decl., Exh. 9. Because Plaintiff's bankruptcy proceeding concluded with a discharge, and because Plaintiff did not include any of his civil claims against U.S. Bank in his original schedule or file an amended schedule, this did not happen either. "Even the close of the bankruptcy case does not permit the debtor to assert a claim that has not been properly abandoned." *Tilley v. Anixter Inc.*, 332 B.R. 501, 508 (D. Conn. 2005). If a debtor fails to properly schedule an asset, that asset continues to belong to the bankruptcy estate and does not revert to the debtor. *Cusano*, 264 F.3d at 945-46. As there was no abandonment, the trustee still has control over these claims. Accordingly, Plaintiff lacks standing to assert the first, second, and fourth causes of action, and they must be dismissed.

      **2.    Plaintiff is estopped from bringing these three causes of action against U.S. Bank.**

Plaintiff is also estopped from asserting claims that he omitted from his bankruptcy schedules. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an

1  advantage by taking one position, and then later seeking an advantage by taking a clearly
2  inconsistent position." *Hamilton v. State Farm Fire &Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001).
3  The Ninth Circuit has held that "[i]n the bankruptcy context, a party is judicially estopped from
4  asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's
5  schedules or disclosure statements." *Hamilton*, 270 F.3d at 783; see also *Hay v. First Interstate
6  Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir. 1992) (failure to give notice of a potential cause
7  of action in bankruptcy schedules and disclosure statements estops debtor from prosecuting that
8  cause of action); *Kramer v. JPMorgan Chase Bank, N.A.*, No. 318CV00001MMDWGC, 2018 WL
9  2292753, at *6 (D. Nev. May 17, 2018), aff'd sub nom. *Kramer v. JP Morgan Chase Bank, N.A.*, No.
10 18-15959, 2019 WL 2289412 (9th Cir. May 29, 2019)(lender liability claim barred by debtor's
11 failure to disclose claim in bankruptcy proceeding). "Judicial estoppel will be imposed when the
12 debtor has knowledge of enough facts to know that a potential cause of action exists during the
13 pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the
14 cause of action as a contingent asset." *Hamilton*, 270 F.3d at 784.

15  As discussed above, events allegedly leading to Plaintiff's first, second, and fourth causes of
16 action against U.S. Bank had occurred before Plaintiff filed for Chapter 7 bankruptcy. However,
17 Plaintiff did not disclose a single claim against U.S. Bank in his initial schedule. Stoberski Decl.,
18 Exh. 10. Nor did he file amended schedules to include these claims. Stoberski Decl., Exh. 9. In
19 order to avoid estoppel, Plaintiff was required to disclose the claims in his schedules or amend his
20 bankruptcy schedules during the pendency of his Chapter 7 proceeding. As Plaintiff failed to
21 disclose his claims against U.S. Bank prior to the bankruptcy discharge, he is judicially estopped
22 from asserting these causes of action in the instant action, and this Court should grant U.S. Bank's
23 motion to dismiss Plaintiff's first, second, and fourth causes of action without leave to amend.

24     **3.**    **The first cause of action fails for additional reasons.**

25  Under 11 U.S.C. § 544(a), a bankruptcy trustee can avoid a lien such as a deed of trust if it
26 could be avoided by a hypothetical bona fide purchaser of the property or lien creditor. The status
27 and rights of a bona fide purchaser are determined by state law. *In re Probasco*, 839 F.2d 1352,
28

1354 (9th Cir. 1988). Under Nevada Revised Statutes § 111.180, a bona fide purchaser is "[a]ny purchaser who purchases an estate or interest in any real property in good faith and for valuable consideration and who does not have actual knowledge, constructive notice of, or reasonable cause to know that there exists a defect in, or adverse rights, title or interest to, the real property." NRS 111.180(1). A bona fide purchaser in Nevada must make diligent inquiry of defects or adverse claims to the real property. *Bailey v. Butner*, 64 Nev. 1, 19 (1947).

The act of recording certain acknowledged instruments imparts notice to all subsequent purchasers. NRS 111.320. The Deed of Trust, recorded in 2005 in the Clark County Recorder's Office, contains a full description of the Property, the lender's name, and the amount of the debt. Stoberski Decl., Exh. 1. Moreover, the re-recorded Deed of Trust, the Assignment of Deed of Trust, as well as the HAMP Modification that was recorded in 2011, reference unambiguously the Deed of Trust and the underlying debt. Stoberski Decl., Exhs. 2-4, 8. A potential purchaser examining the Property's chain of title would discover the Deed of Trust. In other words, the Deed of Trust imparts constructive notice to all subsequent purchasers.

Plaintiff alleges that because of the alleged scrivener's errors in the acknowledgements and certain dates in the Deed of Trust, the Deed of Trust does not provide constructive or actual notice to the trustee or the debtor in possession (i.e. Plaintiff). ECF No. 28, ¶¶ 67-68. "[A] recorded but improperly acknowledged instrument may provide constructive notice only if honoring the instrument would not improperly benefit the notary or any party to the instrument and would not create harm." *Torrealba v. Kesmetis*, 124 Nev. 95, 106 (2008). Here, Plaintiff does not allege that honoring the Deed of Trust would improperly benefit the notary or U.S. Bank. Nor does he allege that the Deed of Trust harmed him. After all, Plaintiff admits to having received the benefit of the bargain – i.e. the loan proceeds. ECF No. 28, ¶ 17. The damages Plaintiff purportedly sustained stemmed U.S. Bank's servicing of the Loan, rather than the Deed of Trust itself. As such, the alleged scrivener's errors are insufficient to render the Deed of Trust void.

Plaintiff alleges that his Chapter 11 debtor status allows him to use the avoiding power of the bankruptcy trustee under 11 U.S.C. § 544(a) to avoid the Deed of Trust. ECF No. 28, ¶¶ 69-70.

Plaintiff further alleges that he is a "hypothetical bona fide purchaser" and "is entitled to avoid the Deed of Trust for the benefit of Debtor's Bankruptcy Estate." ECF No. 28, ¶ 68. Under Nevada law "[a] subsequent purchaser with notice, actual or constructive, of an interest in property superior to that which he is purchasing is not a purchaser in good faith, and is not entitled to the protection of the recording act." *Huntington v. Mila, Inc.*, 119 Nev. 355, 357, 75 P. 3d 354, 356 (2003). Any hypothetical lien creditor would have had constructive notice of both the Deed of Trust, the re-recordings of the Deed of Trust and the HAMP Modification and all contents of these recorded documents. Even if the 2011 HAMP Modification had not confirmed the validity of the Deed of Trust, any hypothetical lien creditor would have a duty under Nevada law to inquire further given the contents of the recorded documents that were in the public records and would certainly have learned that the Deed of Trust was a valid security interest which arose to secure the Loan. A duty of inquiry arises:

> "when the circumstances are such that a purchaser is in possession of facts which would lead a reasonable man in his position to make an investigation that would advise him of the existence of prior unrecorded rights. He is said to have constructive notice of their existence whether he does or does not make investigation. The authorities are unanimous in holding that he has notice of whatever the search would disclose."

*Mila, Inc.* at 357 (citing *Allison Steele v. Bentonite, Inc.*, 86 Nev. 494, 499 (1970)). Any hypothetical lien creditor was on constructive notice of the Deed of Trust, with its alleged scrivener's errors, the subsequently re-recordings of the Deed of Trust which state they are being re-recorded to correct the alleged scrivener's errors, and the HAMP Modification which expressly validated the Deed of Trust. Under these circumstances, and with the duty of inquiry imposed by Nevada law, any hypothetical lien creditor had constructive notice that a valid lien existed securing the Loan.

Furthermore, Plaintiff is not a bona fide purchaser and cannot avoid the Deed of Trust, as he has <u>actual notice</u> of the Deed of Trust. Plaintiff not only admits to obtaining the Loan (ECF No. 28, ¶ 17), but he also reaffirmed the Deed of Trust and the underlying debt when he accepted the HAMP Modification, and then listed U.S. Bank as a secured creditor on his Chapter 7 schedule. Stoberski

Decl., Exhs. 8, 10. *See In re Kerrigan*, No. 2:16-BK-16219-TWD, 2018 WL 6006451, at *7 (B.A.P. 9th Cir. Nov. 7, 2018)(affirming the dismissal of plaintiff's claim to avoid to WAMU's deed of trust because Plaintiff had constructive notice of the recorded deed of trust, which was allegedly improperly acknowledged).

The bankruptcy trustee has no valid basis to avoid the Deed of Trust either. "At the time of bankruptcy filing, the trustee in bankruptcy assumes the position of a bona fide purchaser of real property from the debtor and may avoid any liens on the property that a bona fide purchaser could avoid. 11 U.S.C. § 544(a)(3). The trustee, however, assumes the bona fide purchaser position subject to the state's constructive notice law." *Watkins v. Watkins*, 922 F.2d 1513, 1514 (10th Cir. 1991). As explained above, the recorded Deed of Trust imparts constructive notice to all subsequent purchasers. Therefore, the bankruptcy trustee is not a bona fide purchaser and does not have a valid basis to avoid the Deed of Trust. *See In re Colon*, 563 F.3d 1171 (10th Cir. 2009)(a bankruptcy trustee cannot avoid the mortgage because of a clerical error in the legal description of the mortgage).

    **4.**    **The second and fourth causes of action fail for additional reasons.**

Plaintiff's second and fourth causes of action allege that U.S. Bank breached the HAMP Modification and the implied covenant of good faith and fair dealing by demanding Plaintiff to pay an inflated amount of "Corporate Advance." ECF No. 28, ¶¶ 71-82, 91-97. Nevada has a six-year statute of limitations for a claim for breach of written contract. NRS 11.190(1). Plaintiff alleges that he discovered U.S. Bank's alleged breach in 2012 (ECF No. 28, ¶¶ 60, 75), but he did not file the Adversary Complaint until May 16, 2019, more than six years later. Thus, Plaintiff's breach of contract and breach of implied covenant of good faith and fair dealing claims are time barred.

    **C.**    **Plaintiff's third cause of action fails to state a claim.**

In the third cause of action for "wrongful and defective foreclosure," Plaintiff alleges that U.S. Bank violated NRS 107.086(5-6) because it allegedly did not participate in the Nevada Foreclosure Mediation Program in good faith. ECF No. 28, ¶¶ 83-90. If a party to the foreclosure mediation disagrees with the mediator's findings, its relief is limited to judicial review by the district

court <u>within the context of the foreclosure mediation.</u>[2] *Pasillas v. HSBC Bank USA*, 127 Nev. 462, 466 (2011). NRS 107.086 does not give rise to a common law claim for wrongful foreclosure. *Wilkinson v. Deutsche Bank Nat. Tr. Co.*, No. 2:12-CV-00253-LDG, 2012 WL 4194509, at *2 (D. Nev. Sept. 17, 2012). Nor does NRS 107.086 provide for judicial review by a bankruptcy court. Here, the parties participated in the foreclosure mediation on July 25, 2018, wherein the mediator did not find issues with the enforceability of the loan documents. Stoberski Decl., Exh. 24. Following the mediation, Plaintiff petitioned for review by the district court. Stoberski Decl., Exhs. 25-26. The district court held a hearing on September 18, 2018 and affirmed the mediator's findings. Stoberski Decl., Exh. 25. Thus, U.S. Bank's alleged violation of NRS 107.086(5)-(6) does not give rise to a wrongful foreclosure claim.

More importantly, "an action for the tort of wrongful foreclosure will lie if the trustor or mortgagor can establish that at the time the power of sale was exercised or the foreclosure occurred, no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Collins v. Union Fed. Sav. & Loan Ass'n*, 99 Nev. 284, 304 (1983). It is undisputed that Plaintiff defaulted on the Loan well before the Notice of Default was recorded on February 20, 2018. Stoberski Decl., Exhs. 17; ECF No. 28, ¶ 64 (admitting that Plaintiff stopped making payments on the Loan in 2014). Plaintiff's default precluded his claim for wrongful foreclosure. *Song v. MTC Fin., Inc.*, No. 218CV757JCMPAL, 2018 WL 6816052, at *5 (D. Nev. Dec. 27, 2018)(dismissing plaintiffs' wrongful foreclosure claim because plaintiffs failed to allege that they were not in default). For all of the foregoing reasons, Plaintiff's second cause of action fails to state a claim against U.S. Bank.

**D.    Plaintiff's fifth cause of action fails to state a claim.**

Plaintiff alleges that U.S. Bank violated the 12 U.S.C. § 2605 because it did not respond to Plaintiff's qualified written request ("QWR") that was purportedly sent on December 24, 2014. ECF No. 28, ¶¶ 98-107.

---

[2] If a borrower disagrees with the district court's review, then he or she may petition for review by the Nevada Supreme Court. *Pasillas*, 27 Nev. 462.

Pursuant to 12 U.S.C. § 2605(e) of the Real Estate Settlement Procedures Act ("RESPA"), any servicer of a related mortgage loan who receives a qualified written request ("QWR") from the borrower for information relating to the loan must provide a written response acknowledging the receipt of the correspondence within 5 days unless the action requested is taken with the time period. 12 U.S.C. § 2605(e)(1)(A). Further, a servicer's response is required to be made not later than 30 days (excluding legal public holidays, Saturdays, and Sundays) after receipt of a QWR. 12 U.S.C. § 2605(e)(2).

Plaintiff's RESPA claim is time-barred. Claims brought under section 2065 are governed by a three-year statute of limitations, which commence running when the violation occurs. 12 U.S.C. § 2614. Plaintiff purportedly sent a qualified written request to U.S. Bank on December 24, 2014. ECF No. 28, ¶ 100. Even providing ample time for mail service, U.S. Bank's acknowledgement would have been due on or about January 9, 2015 and its response would have been due on or about February 17, 2015. Thus, the purported violation occurred, at the latest, on or about February 17, 2015, when U.S. Bank allegedly failed to respond to the QWR. Plaintiff filed the Adversary Complaint on May 16, 2019, more than three years after the alleged violation occurred. As such, Plaintiff's RESPA claim is untimely and must be dismissed.

### IV.   IN THE ALTERNATIVE, PLAINTIFF'S CLAIMS SHOULD BE DISMISSED IN PART AND STAYED IN PART UNDER ABSTENTION PRINCIPLES

#### A.   The Adversary Complaint should be dismissed and/or stayed under the *Younger* Abstention doctrine.

Plaintiff's Adversary Complaint should be stayed. As explained above in Section II(B), the State Court Action, filed five months before this adversary proceeding, asserts claims that are substantially similar to those asserted here.

The *Younger* abstention doctrine espouses "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Younger v. Harris*, 401 U.S. 37, 41 (1971). *Younger* abstention is required when: (1) state judicial proceedings are pending;

DM1\9674623.1 K0247/00435

(2) the state proceedings involve important state interests; and (3) the state proceedings afford the federal plaintiff an adequate opportunity to litigate federal constitutional claims. *See Kenneally v. Lungren*, 967 F.2d 329, 331 (9th Cir.1992), cert. denied, 506 U.S. 1054 (1993); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987). When all three conditions are present, a district court must dismiss the federal action. *World Famous Drinking Emporium*, 820 F.2d at 1081.

To decide whether there is a pending state judicial proceeding within *Younger*, "the critical question is not whether the state proceedings are still 'ongoing' but whether 'the state proceedings were underway before initiation of the federal proceedings.' " *Kitchens v. Bowen*, 825 F.2d 1337, 1341 (9th Cir.1987) (*quoting Fresh Int'l Corp. v. Agricultural Labor Relations B*d., 805 F.2d 1353, 1358 (9th Cir.1986) (focusing on the time that the federal action was initiated and ignoring that the state court proceeding was subsequently remanded)), cert. denied, 485 U.S. 934 (1988)).

Plaintiff's State Court Action was filed on December 19, 2018, months before he filed this adversary proceeding. Stoberski Decl., Exh. 19, 23. Thus, the first prong of *Younger* is satisfied.

The second prong of *Younger* asks whether the underlying state litigation implicates "important state interests." This element is satisfied when "the State's interests in the [ongoing] proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). The Supreme Court has noted that states "have important interests in administering certain aspects of their judicial systems," and that, in particular, states have an interest in "enforcing the orders and judgments of their courts." *Id.* at 12-13. But the Ninth Circuit has made it clear that "[t]he importance of the [state's] interest is measured by considering its significance broadly, rather than by focusing on the state's interest in the resolution of an individual case." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 618 (9th Cir. 2003).

The second prong is satisfied. Plaintiff's claims in this adversary proceeding are entirely state law-based, except for his first and fifth causes action, and both of which can be litigated in the state court. Plaintiff's first cause of action seeks to avoid the Deed of Trust. Quiet title actions are

regularly litigated in Nevada state courts. And there is no reason that the state court cannot adjudicate Plaintiff's fifth cause of action for the alleged RESPA violation. Further, the crux of Plaintiff's Adversary Complaint is that the Deed of Trust is unenforceable, that U.S. Bank breached the HAMP Modification, and that U.S. Bank did not participate in the foreclosure mediation in good faith. The Deed of Trust, and HAMP Modification, and the non-judicial foreclosure process are all governed by state law. *E.g.* NRS 107 *et seq*. Thus, the state court thus has an "important state interest" in Plaintiff's claims.

The third prong asks whether the plaintiff has or had an adequate opportunity to raise federal questions in the state court proceedings. "[I]nterests of comity and federalism ... counsel federal courts to abstain from jurisdiction whenever federal claims *have been or could be* presented in ongoing state judicial proceedings that concern important state interests." *Lebbos v. Judges of Superior Ct.*, 883 F.2d 810, 813 (9th Cir.1989) (citations to quoted case omitted) (emphasis added). The burden rests on Plaintiff to show that he was "barred from raising [his] federal claims in the [state court] action." *Id.* at 815. This he cannot do. As explained above, Plaintiff's claim to avoid the Deed of Trust and claim for the alleged violation of RESPA can be brought and litigated in state court. There is certainly no bar to asserting these claims in the state court.

*Younger* abstention is a jurisdictional limitation and generally requires outright dismissal of the federal action. The federal court generally cannot simply stay the federal action and retain jurisdiction to render a decision on the merits after the state proceedings have ended. *Gibson v. Berryhill*, 411 U.S. 564, 577 (1973). Unlike some other abstention doctrines, *Younger* abstention requires dismissal of the federal claim for injunctive relief. *Delta Dental Plan v. Mendoza*, 139 F.3d 1289, 1293-94 (9th Cir. 1998). Damages actions should be stayed until the state proceedings are completed. *Gilbertson v. Albright*, 381 F.3d 965, 968 (9th Cir. 2004) (en banc).

Because the factors required for *Younger* abstention are satisfied, this Court should stay the adversary proceeding until the State Court Action is completed. To the extent the third cause of action in the Adversary Complaint seeks injunctive relief (ECF No. 28, ¶ 88 "any further foreclosure proceedings must be estopped"), the Court should dismiss that claim.

     **B.    Alternatively, the adversary proceeding should be stayed under the *Colorado River* doctrine.**

Under *Colorado River* abstention, a federal court may defer to a parallel state court proceeding based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980) (*quoting Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). *Colorado River* abstention is appropriate only when there is a parallel state court proceeding. As a threshold requirement, the federal and state court actions must be "substantially similar." *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989); *see Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983) ("[P]arallel state-court litigation [must] be an adequate vehicle for the complete and prompt resolution of the issues between the parties."). "District courts must stay, rather than dismiss, an action when they determine that they should defer to the state court proceedings under *Colorado River*." *Coopers & Lybrand v. Sun-Diamond Growers of CA*, 912 F.2d 1135, 1138 (9th Cir. 1990).

As explained above, Plaintiff's State Court Action is nearly identical to this proceeding. Thus, *Colorado River* applies, and the Court should stay this adversary proceeding pending the conclusion of the State Court Action.

**V.    CONCLUSION**

Plaintiff tries to get a second bite of the apple after receiving an unfavorable result from his State Court Action. But each of his five causes of action in the Adversary Complaint fails to state a claim upon which relief can be granted. Thus, the Court should dismiss his Adversary Complaint in its entirety.

/ / /

/ / /

/ / /

In the alternative, U.S. Bank request that the Court dismiss Plaintiff's injunctive relief claims and stay the reminder of the action pursuant to the *Younger* and *Colorado River* doctrines.

DATED: June 17, 2019

**LOCKE LORD LLP**

By: */s/ Xiyi Fu*
Xiyi Fu (*admitted pro hac vice*)
101 Montgomery Street, Suite 1950
San Francisco, CA 94104
Telephone: (415) 318-8810
Facsimile: (415) 704-3003

DUANE MORRIS LLP
Holly Stoberski (SBN: 5490)
100 North City Parkway, Suite 1560
Las Vegas, NV 89106
Telephone: (702) 868-2621
Facsimile: (702) 385-6862

GERRARD COX LARSEN
Douglas D. Gerrard (SBN 4613)
2450 St. Rose Parkway, Ste. #200
Henderson, NV 89074
Telephone: (702) 796-4000
Facsimile: (702) 796-4848

*Attorneys for Defendant*
*U.S. Bank National Association*